IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 19 C 50312 |
| | ) | |
| NATHEN EARL DAVIS | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nathen Davis pled guilty to bank robbery under 18 U.S.C. § 2113(a) and (d) and possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A). In Davis's plea agreement, the government agreed to recommend a sentence within the applicable Sentencing Guidelines range on the bank robbery charge and the mandatory consecutive sentence of seven years imprisonment on the firearm charge. The advisory range on the bank robbery charge was 46 to 57 months imprisonment. Davis's lawyer argued for a below-range sentence, citing his history of mental health problems, including an incident that had occurred during a competency evaluation in connection with his case. The government opposed a below-range sentence. The sentencing judge, who has since retired, imposed a 51-month sentence on the bank robbery charge—the middle of the advisory range—and the mandatory consecutive 84-month sentence on the firearm charge. No notice of appeal was filed.

Davis has filed a *pro se* motion under 28 U.S.C. § 2255. He contends that his trial counsel should have filed a notice of appeal but did not; should have objected to the government's claimed request for an "upward departure" at sentencing; and should

have challenged a competency evaluation that he contends was "determined by a bias mental health [doctor] [ ] due to Mr. Davis spitting fecal matter into his face." 2255 Mot. (dkt. 1), ECF p. 9. Davis also appears to contend that *Davis v. United States*, 139 S. Ct. 2319 (2019), requires vacating his conviction on the firearm charge. *Id.*, ECF p. 5.

After the government responded to Davis's section 2255 motion, Davis asked to file an amended motion and also sought an extension of time to file his reply to the government's response. The Court entered an order on May 6, 2020 denying Davis's motion to amend without prejudice to a new motion including his proposed amendment, and also granted him an extension of time to June 8 to file a reply. Davis has filed nothing since then. The Court determines that he has waived or forfeited the filing of a reply and proceeds to consider his motion.

Davis's first three contentions all involve allegations of ineffective assistance of counsel. To succeed on a claim that his right to effective assistance of counsel was violated, Jones must show both deficient performance by counsel and prejudice. *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018). To establish the deficient performance element, a movant under section 2255 must show that his attorney's performance "fell below an objective standard of reasonableness." *Kirklin v. United States*, 883 F.3d 993, 996 (7th Cir. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). In doing so, the movant must overcome a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Perrone*, 889 F.3d at 908 (quoting *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009)). To satisfy the prejudice element, a movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the

2

proceeding would have been different." *Kirklin*, 883 F.3d at 996.

    1.    Davis's first claim lacks merit. Although a lawyer commits ineffective assistance when he fails to follow through on a defendant's request to appeal, without regard to the probability of success on appeal, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), Davis has not shown a required element of such a claim: he does not contend, and has not shown, that he asked trial counsel to appeal. As the government argues, Davis's failure to make this showing is fatal to his first claim. *See, e.g., Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010).

    2.    Davis's second claim also lacks merit. It is based on a false premise: that the government argued for an "upward departure," in other words for a sentence above the advisory Sentencing Guidelines range. The transcript of the sentencing hearing demonstrates, however, that the prosecutor did not do this.

    3.    In his third claim, though it is less than crystal clear, Davis appears to challenge his lawyer's failure to attack the examining mental health professional's determination that Davis was competent was that he was malingering, in other words, feigning a psychiatric condition. Specifically, Davis argues that counsel should have contended, based on an incident that evidently occurred during the evaluation—when Davis apparently spit fecal matter toward the evaluator's face—that the evaluator was biased against him. Davis has failed to show, however, that a challenge along these lines would have made any difference in outcome, i.e. that it would have led to a finding of incompetence. It is clear from the record that the evaluation, as well as other matters considered by the sentencing judge, were more than sufficient to establish Davis's competence.

4.      Davis's final claim appears to be that *United States v. Davis*, 139 S. Ct. 2319 (2019), applies to his case and invalidates the firearm charge. A charge under 18 U.S.C. § 924(c)(1)(A), as charged in this case, requires possession of a firearm in furtherance of a "crime of violence," as that term is defined in 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court determined that the definition of "crime of violence" in 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2333. Assuming movant Davis has not forfeited this claim (as the government contends), it lacks merit. The Seventh Circuit has squarely held that a defendant "properly convicted of bank robbery," as Davis was, "is guilty per se of a crime of violence" under 18 U.S.C. § 924(c)(3)(A), "because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." *United States v. Armour*, 840 F.3d 904, 9009 (7th Cir. 2016). *See also United States v. Williams*, 864 F.3d 826, 827 (7th Cir. 2017).

## Conclusion

For these reasons, the Court directs the Clerk to enter judgment denying Davis's motion under 28 U.S.C. § 2255. The Court declines to issue a certificate of appealability, because there is nothing to suggest that the merits of the claims that the Court has rejected are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. §2253(c)(2); *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley,* 121 F.3d 1308, 1312 (7th Cir. 1997).

Date:  September 28, 2020

_____
MATTHEW F. KENNELLY
United States District Judge